**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-21881-ELFENBEIN

**JORDAN LEIGH**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

    **THIS CAUSE** is before the Court on a *sua sponte* review of the record. The Court has reviewed *pro se* Plaintiff Jordan Leigh's ("Plaintiff") Verified Complaint for Declaratory and Injunctive Relief against the United States of America (the "Complaint"), ECF No. [1], the record, and is otherwise fully advised. For the reasons set forth below, the Court *sua sponte* determines that there is no longer an existing case or controversy under Article III of the United States Constitution, making the claims in the Complaint moot and depriving this Court of subject-matter jurisdiction.

**I.     BACKGROUND**

    On April 24, 2025, Plaintiff filed his Complaint asserting that the Internal Revenue Service (the "IRS") wrongfully certified a tax debt against Plaintiff as "seriously delinquent" under 26 U.S.C. § 7345, leading to the Department of State's denial of his passport renewal. *See* ECF No. [1] at ¶1. He claims that the certified debt — totaling $666,961 for tax years 2017 and 2021 — was the result of IRS bookkeeping and procedural errors, not an actual unpaid tax liability. *See id*. Additionally, Plaintiff alleges that the IRS failed to properly process his timely request for a

Collection Due Process hearing and audit reconsideration requests, neglected to respond to Freedom of Information Act filings, and refused to provide examination documentation necessary to dispute the liability. *See id*. at ¶¶1, 8–10, 14–22, 28–29. Plaintiff argues that the IRS violated its own procedures by certifying the debt while valid administrative proceedings were pending, which the Internal Revenue Manual and the statute itself explicitly prohibit. *See id*. at ¶¶12, 30. He emphasizes that the 2017 liability was fully abated after providing corrected tax documents, and that the 2021 debt is similarly erroneous and unsupported by any verifiable documentation, as no examination report has been provided despite repeated requests. *See id*. at ¶¶18–26. Plaintiff's alleged injury arises from the denial of his passport, causing irreparable harm, including lost business opportunities and economic damage. *See id*. at ¶13.

Based on these facts, Plaintiff brings a claim for declaratory and injunctive relief under 26 U.S.C. § 7345(e). *See id*. at ¶¶27–31. Specifically, Plaintiff requests the following relief: (1) a "[d]eclar[ation] that the § 7345 certification made on September 30, 2024, was erroneous[;]" (2) an "[o]rder [commanding] the IRS to issue a CP508R decertification within five (5) days and to notify the Department of State immediately[;]" (3) an order "[e]njoin[ing] the IRS from re-certifying the debt until it has properly processed his audit reconsideration and issued a corrected assessment with adequate notice[;]" and (4) an "[a]ward [of] costs of suit and any other relief the Court deems just." *See id* at 6.

By way of background, Defendant's filings indicated that the IRS's system would be sending notices to the Department of State of reversals of the tax debt certifications for both 2017 and 2021, *see* ECF No. [26], so on June 11, 2025, the Court ordered Defendant to file a status report "updating the Court on the notices of reversal of the tax debt certifications for both 2017 and 2021, whether the Department of State has received the notices, and whether this case is moot."

*See* ECF No. [27]. On June 23, 2025, Defendant filed its status report (the "Status Report"), *see* ECF No. [32], stating that on June 13, 2025, Plaintiff's 2017 and 2021 tax debt certifications were automatically reversed and decertified the same day by the Department of State, resulting in the immediate removal of the passport hold. *See* ECF No. [32]. Defendant's Status Report attached the affidavit of Kevin Stam, a Senior Tax Analyst with the IRS who oversees passport certification activities, describing IRS procedures and actions related to Plaintiff's tax certifications. *See* ECF No. [32-1] at ¶¶1–2. Defendant's Status Report also attached Plaintiff's transcripts for tax years 2017 and 2021. *See* ECF No. [32-2]. Mr. Stam confirmed that the 2017 and 2021 tax debt certifications were systemically reversed on June 13, 2025. *See* ECF No. [32-1] at ¶¶11–13.

## II.    LEGAL STANDARDS

### A.  Subject-Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies." *See, e.g., Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). The case-or-controversy requirement sets fundamental limits on federal judicial power. *Id.*

### B. Declaratory Judgment Act

"Echoing the 'case or controversy' requirement of Article III, the Declaratory Judgment Act 'provides that a declaratory judgment may only be issued in the case of an actual controversy.'" *A&M Gerber Chiropractic*, 925 F.3d at 1210 (citing *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists.")). "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id*. (quoting *Emory*, 756 F.2d at 1552.) "The controversy between the parties cannot be 'conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.'" *Id*. (quoting *Emory*, 756 F.2d at 1552). "In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed to seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *Id*. at 1210-11 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)). "Thus, in order for this Court to have jurisdiction to issue a declaratory judgment, . . . [the plaintiffs] must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Id*. at 1211 (quoting *Malowney*, 193 F.3d at 1347); *see also id*. at 1348 ("Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.")).

### III. DISCUSSION

Plaintiff seeks declaratory and injunctive relief under 26 U.S.C. § 7345(e) to challenge the IRS's certification of a tax debt to the Department of State. Plaintiff's alleged injury in this case

stems entirely from the imposition of a passport restriction — affecting Plaintiff's international travel and employment opportunities — arising from the IRS's certification of the tax debt. The Complaint identifies the passport denial as the direct and primary harm suffered and all requested relief, including declaratory and injunctive orders, is tied to redressing that specific harm. For the reasons explained below, the Court finds that it lacks subject-matter jurisdiction because there is no longer an ongoing case or controversy sufficient to satisfy Article III, making the claims moot.

For a real case or controversy to exist, "the issues in play at the outset must remain alive." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). Indeed, the "[m]ootness doctrine ensures that a justiciable case or controversy is present 'at all stages of review.'" *Id.* (quoting *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1190 (11th Cir. 2011) (internal citations omitted)). Even though a case may have once been "cognizable under Article III," "an intervening circumstance [that] deprives the plaintiff of a personal stake in the outcome of the lawsuit" may make the case moot. *Id.* (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). Under this doctrine, a federal court must be able to provide "redress in some palpable way," that is, "there be something about the case that remains alive, present, real, and immediate." *Id.* Once the district court cannot "offer any effective relief to the claimant," the case becomes moot because "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal citations omitted)).

Here, the affidavit the IRS submitted confirms that, as of June 13, 2025, both the 2017 and 2021 tax debts were systemically decertified, and it notified the Department of State accordingly. *See* ECF No. [32] at ¶¶11, 13. Because the underlying certification has already been rescinded,

5

the "passport hold" has been lifted, and Plaintiff's alleged injury no longer exists. Without an injury, there is no ongoing case or controversy as required by Article III.

Even if there were lingering effects from the prior certification, Plaintiff cannot satisfy the requirement of redressability because this Court is unable to grant any effective relief: the decertification has already occurred, and no further order is necessary or capable of changing Plaintiff's current legal status. Because § 7345(e) authorizes relief only for the purpose of reviewing the validity of a certification that results in a passport-related restriction and does not provide an ongoing remedy for hypothetical or future harms, there is no longer a live controversy for the Court to resolve. *See Tinnerman v. United States*, 2021 WL 4427082 (M.D. Fla. Sept. 27, 2021), *aff'd in part*, 2022 WL 3654844 (11th Cir. Aug. 25, 2022) (explaining § 7345(e)'s limited waiver of sovereign immunity in a currently operative certification). Once the certification is reversed and the passport hold is lifted, the statutory basis for relief is extinguished and the Court lacks authority under § 7345(e) to grant any further relief. Accordingly, there is no longer a live case or controversy for the Court to adjudicate, making the case moot and depriving the Court of subject-matter jurisdiction under Article III.

Likewise, the Court lacks subject-matter jurisdiction to issue a declaratory judgment, as requested, under the Declaratory Judgment Act. To support a declaratory judgment claim, a plaintiff must show a "substantial continuing controversy" and a "reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *A&M*, 925 F.3d at 1211 (quoting *Malowney*, 193 F.3d at 1347). "Injury in the past," without more, "does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Id.* at 1348. Indeed, "[t]he mootness problem remains the same" as "[a]n otherwise nonjusticiable case cannot be resurrected simply by seeking declaratory relief." *See Gagliardi*, 889 F.3d at 735.

"As with any federal suit, when a party seeks declaratory relief, the courts are required to examine whether there is an 'actual controversy,' without which a declaration may not issue." *Id.* (finding that "the fear that the challenged conduct may recur in some unstated form at an unknown time and place" is insufficient and noting that federal courts "do not have the power to 'advise' potential parties about the lawfulness of potential actions that have not and may never occur.").

Because Plaintiff's challenge is now directed at conduct that has already been reversed and a federal court has no authority to opine upon moot questions, there is no continuing controversy for the Court to resolve. The suit seeks to adjudicate past administrative decisions that no longer have legal effect and therefore fails to present a live controversy under Article III or the Declaratory Judgment Act. Accordingly, this Court finds that it lacks subject-matter jurisdiction, and dismissal is warranted under Federal Rule of Civil Procedure 12(b)(1).

### IV.   CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

2. Plaintiff's Expedited Motion for Preliminary Injunction Requiring Immediate Passport Decertification, **ECF No. [5]**, is **DENIED AS MOOT**;

3. Plaintiff's Request for Immediate Decertification, **ECF No. [9]**, is **DENIED AS MOOT**;

4. Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, **ECF No. [17]**, is **DENIED AS MOOT;**

5. Plaintiff's Motion to Expedite Ruling or, in the alternative, to set an Immediate Status Conference, **ECF No. [23]**, is **DENIED AS MOOT;**

6. Plaintiff's Unopposed Motion for Leave to File Supplemental Exhibit, **ECF No. [24]**, is **DENIED AS MOOT**; and

CASE NO. 25-CV-21881-ELFENBEIN

7. Plaintiff's Motion for Partial Summary Judgment on Liability under 26 U.S.C. § 7345(e) and Prevailing Party Status and Notice of Intent to Seek Costs under 26 U.S.C. § 7430, **ECF No. [28]**, is **DENIED AS MOOT**.

8. The case is **CLOSED**. All deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE and ORDERED** in Chambers in Miami, Florida on July 14, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All counsel of record

**Jordan Leigh**
701 Brickell Ave.,
Suite 1550
Miami, FL 33131
*PRO SE*